HARRY R. SCHLOSSBACH, TRADING AS A. SCHLOSSBACH & SON AGENCY, PLAINTIFF-APPELLANT, v. ROBERT GOLDSTEIN, DEFENDANT-RESPONDENT.

Submitted October 7, 1947—Decided November 7, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-appellant, *Henry K. Golenbock.*

For the defendant-respondent, *Anschelewitz & Barr.*

The opinion of the court was delivered by

BODINE, J. This is an action for the recovery of commissions on a contract which gave to the plaintiff an exclusive contract to sell for a period of thirty days No. 710 Grassmere Avenue in the Borough of Interlaken.

The decision turns on whether an agreement of sale was executed within the period of the agency.

The language of the agreement, so far as pertinent, is as follows: "I agree to pay the A. Schlossbach & Son Agency as brokerage commission of Five per cent (5%) on the amount of sale of the above property. Said commission to be due and payable when Agreement of Sale is executed. In consideration of your efforts to procure a purchaser I do hereby give the said A. Schlossbach & Son Agency *exclusive* and irrevocable authorization to sell the above described property for a period of thirty days from the date hereof."

On June 27th, before the authorization had expired, the plaintiff tendered to the defendant a check for the sum of $200 on behalf of and made by a prospective buyer. He also handed to the defendant a receipt for him to sign in the following language: "Received from A. Schlossbach & Son Agency check in the sum of $200.00 from the Bradley Beach Title & Mortgage Co., Inc., as a deposit and part of purchase price on an offer to purchase the property situated at 710 Grassmere Avenue, Interlaken, New Jersey, for the sum of $10,500.00. Balance to be paid as follows:

"$800.00 on signing of contracts on or before July 2, 1945.

"Balance in cash above the present mortgage in the amount of approximately $5,650.00 held by A. B. C. Corporation. Warranty Deed to be given on passing of Title.

"This offer is made subject to the conditions of an exclusive listing card dated June 2, 1945, with possession in thirty days."

The receipt was never signed. The alleged prospective purchaser was a corporation owned and controlled by the plaintiff.

The defendant insisted before the expiration date that a signed agreement must be tendered to him. This was not done.

The trial court nonsuited the plaintiff for the reason that he had not earned his commission since he had never tendered an executed agreement of sale. The learned trial judge ruled properly that there was no agreement of sale executed and the tender was merely of the agent's check.

The judgment of the District Court will be affirmed, with costs.